UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry C. Hayes, III,<br>*aka* Henry Christopher Hayes, III,<br><br>                    Plaintiff,<br><br>vs.<br><br>The State of South Carolina; Kershaw County; South Carolina Department of Probation, Parole and Pardon Services; The City of Camden Police Department, SC,<br><br>                    Defendants. | C/A No. 3:11-1807-JFA-KFM<br><br>**Report and Recommendation** |

This is a civil action filed *pro se* by Plaintiff. Plaintiff has also filed an Application to Proceed *in forma pauperis*.[1] The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Plaintiff alleges:

> I filed a lawsuit and didn't receive a response within the time limit of the summons. To each defendant a summons was sent. I had 10 year time limit to file a lawsuit against each agency (1998 - 2011). Also, what was brought forth in each lawsuit, this is a lawsuit for it's contents (contained in each one). I'm asking (a question) to avoid libel and slander. I've been robbed and recent enough for this has past. The amount of each lawsuit is (in the)

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(b) and (e), this United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se,* and to submit findings and recommendations to the District Court.

1

> estimated of $150,000.00.  Plus, $1,500.00 (estimated) for overpayment of restitution and a retraction printed.  I'm estimated poor and have been robbed, falsely arrested (incarcerated), broke/sprained foot, cut artery, need shelter (stay at homeless shelter has been the same).  Please.  Thank you.

ECF No. 1, p. 3-4.  As for the relief he seeks, Plaintiff alleges "proceed to have the summons fact provided to me and the contents therein, if I have to do it again.  That's $800,000.00 estimated, relief."  ECF No. 1, p. 5.  Plaintiff alleges that he is a citizen/resident of Westchester County, New York, and he describes his cause of action on his civil cover sheet as "no answer to complaint within time," requesting "$800,000." ECF No. 2.

The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants.  Plaintiff's Complaint fails to provide this Court with sufficient facts to enable the Court to determine the nature of the claims that he attempts to raise.  Even liberally construed as an attempt to bring an action pursuant to 42 U.S.C. §1983, [2] the Complaint should be summarily dismissed, under 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and

---

[2]  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

(iii), because it is frivolous, fails to state a claim on which relief may be granted by this Court, and seeks monetary relief against a defendant who is immune from such relief.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and

a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Because of the vague and disjointed statements in Plaintiff's Complaint, it is impossible, without excessive expenditure of judicial resources, for this Court to determine if Plaintiff can present any plausible allegation of a constitutional violation with respect to any of the Defendants. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . .

than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Although this Court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In fact, due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants). Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous federal claim; therefore, this Court should dismiss the Complaint, without prejudice and without issuance and service of process.

Even if the Complaint is liberally construed as an attempt to bring an action under § 1983, the Complaint should be summarily dismissed because, as to the named

5

Defendants, it fails to state a claim on which relief may be granted as to all four Defendants and seeks monetary relief against two defendants who are immune from such relief.

As to Defendants the State of South Carolina and the South Carolina Department of Probation, Parole and Pardon Services, generally speaking, the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department, in most circumstances. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purpose of the Eleventh Amendment, *i.e.* protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99. However, as noted above, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e); *McCall v. Batson*, 329 S.E. 2d 741, 743 (S.C. 1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Consequently, Plaintiff's Complaint against Defendants the State of South Carolina and its agency, the South Carolina Department of Probation, Parole and Pardon Services, is barred by the Eleventh Amendment to the United States Constitution.

As noted above, a claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. New York City Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

7

As to Defendant City of Camden Police Department, municipal and county police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. This view is in accord with the majority of courts that have addressed this issue. *See, e.g.*, *U. S. v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Gore v. Conway Police Dept.*, No. 9:08-1806-RBH , 2008 WL 2566985 (D.S.C. June 26, 2008). *But see Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003). Consequently, Plaintiff's Complaint, insofar as it names The City of Camden (SC) Police Department as a Defendant in this case, does not name a "person" subject to a § 1983 claim, and should be dismissed.

As to Defendant Kershaw County, under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978), a municipality or other local government entity[3] may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 694); *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984). "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action." *Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir.1982). Thus,

---

[3] *See Wolf v. Fauquier County Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citing *Monell*, 436 U.S. at 694).

8

a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy, or custom that caused the plaintiff's injury. Counties and cities, which are bodies politic, have the same status under § 1983.

In the instant case, Plaintiff's Complaint makes vague allegations that he is/was "estimated poor and have been robbed, falsely arrested (incarcerated), broke/sprained foot, cut artery, need shelter (stay at homeless shelter has been the same)." ECF No. 1, p. 3-4. However, Plaintiff's Complaint makes no factual allegations that any alleged wrongs were done to him in furtherance of any policy, custom, or practice of Kershaw County, its agencies, or officials. Nor does Plaintiff's Complaint allege that Kershaw County would or actually did condone any alleged wrongful conduct by its employees or officials, or that, Kershaw County, having knowledge of such alleged wrongful actions against Plaintiff, was deliberately indifferent to any alleged violations of Plaintiff's rights. There is also no allegation by Plaintiff that Kershaw County negligently hired, trained, supervised, or disciplined its employees or officials, in such a manner as to cause a violation of Plaintiff's rights. Assuming that the facts alleged in the Complaint are true, Plaintiff makes no specific allegations that Kershaw County maintained a policy, custom, or practice that resulted in any alleged violation of Plaintiff's civil rights or that the county was aware of any alleged illegal actions against Plaintiff and was deliberately indifferent to those alleged actions. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that

a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). At most, Plaintiff's Complaint merely attributes, in purely conclusory fashion, alleged wrongful actions of an unnamed person or persons to the County of Kershaw. The Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). *See also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)). Consequently, the Complaint should be summarily dismissed because Plaintiff's allegations fail to state a plausible *Monell* claim for which relief may be granted against Kershaw County.

Finally, as noted above, while Plaintiff's Complaint is practically indecipherable on its face and, as such, violates F. R. Civ. P. 8(a), the Kershaw County Fifth Judicial Circuit Court Public Index Web site sheds some light on Plaintiff's possible intent in filing the instant Complaint. This Court takes judicial notice that, in 2010, Plaintiff filed four state court lawsuits in Kershaw County Common Pleas Court: (1) a lawsuit against the South Carolina Department of Probation Parole and Pardon Services (C/A No. 2010-CP-28-00407; filed on Apr. 5, 2010 and dismissed for failure to prosecute on Mar. 28, 2011); (2) a lawsuit against Kershaw County (C/A No. 2010-CP-28-00408; filed on Apr. 5, 2010 and dismissed for failure to prosecute on Mar. 28, 2011; (3) a lawsuit against  the State of South Carolina (C/A No. 2010-CP-28-00434; filed on Apr. 12, 2010 and dismissed for

failure to prosecute on Mar. 28, 2011; (4) a lawsuit against the City of Camden Police Department (C/A No. 2010-CP-28-00435; filed on Apr. 12, 2010 and dismissed on July 8, 2011, apparently after defendant's motion for summary judgment was granted. *See* http://publicindex.sccourts.org/kershaw/publicindex/ (last visited July 27, 2011).[4]

This Court has no subject matter jurisdiction under the *Rooker-Feldman* Doctrine to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Pursuant to the *Rooker-Feldman* doctrine, lower federal courts may not review state-court decisions, except in habeas corpus actions. *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents Plaintiff, whose state court cases were dismissed, "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

---

[4] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental Web sites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government Web sites are inherently authentic or self-authenticating).

**RECOMMENDATION**

Accordingly, it is recommended that this Court summarily dismiss the Complaint in the above captioned case, *without prejudice* and without issuance and service of process. *See United States Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

August 9, 2011                                                s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).